UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VENICE PI, LLC,<br><br>        Plaintiff,<br>  v.<br>INA SICOTORSCHI, et al.,<br>        Defendants. | C17-1074 TSZ |
| VENICE PI, LLC,<br><br>        Plaintiff,<br>  v.<br>GREGORY SCOTT, et al.,<br>        Defendants. | C17-1075 TSZ |
| VENICE PI, LLC,<br><br>        Plaintiff,<br>  v.<br>YELENA TKACHENKO, et al.,<br>       Defendants. | C17-1076 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motions for extension of time to serve, docket no. 18 in C17-1074, docket no. 12 in C17-1075, and docket no. 14 in C17-1076, are GRANTED as follows. The deadline for plaintiff to effect service is EXTENDED from October 12,

MINUTE ORDER - 1

2017, to October 30, 2017, which is three weeks after waivers of service are due.[1] No further extension will be granted.

    (2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 5th day of October, 2017.

                                            William M. McCool
                                            Clerk

                                            s/Karen Dews
                                            Deputy Clerk

---

[1] Plaintiff's counsel persistently delays efforts to effect service so that he can send a round of letters to unrepresented defendants. Plaintiff's counsel contends that such letters are intended to protect the privacy of defendants, allowing them to "name names," *i.e.*, others who might be responsible for the alleged copyright infringement, and/or to settle the dispute before being identified in an amended pleading. The letters, however, are dispatched only a week before an amended complaint is filed, and the extent to which they serve such purpose is therefore limited. The letters appear to instead be aimed at frightening individuals into paying money to avoid being dragged into litigation, stating as follows:

> This is a time sensitive matter. In similar cases the Court has required us to promptly move the case forward by amendment to name individual defendants . . . , and our client intends to do so barring changed circumstances.

Ex. D to Lowe Decl. (docket no. 19 in C17-1074). The Court will no longer countenance plaintiff's counsel's tactics, and will not in the future grant extensions of the time to effect service so that plaintiff's counsel can distribute such letters. In addition, in any similar letters mailed to unrepresented parties from this date forward, plaintiff's counsel shall <u>not</u> reference the Court or in any way indicate or imply that any action already or to be taken by plaintiff or its attorney in this litigation is required by the Court. This directive extends to all related cases pending before the Honorable Thomas S. Zilly, regardless of which plaintiff is prosecuting the matter.

MINUTE ORDER - 2