UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VENICE PI, LLC,<br><br>      Plaintiff,<br><br> v.<br><br>SEAN O'LEARY JR., et al.,<br>JONATHAN DUTCZAK, et al.,<br>MARTIN RAWLS, et al.,<br>INA SICOTORSCHI, et al.,<br>GREGORY SCOTT, et al.,<br>YELENA TKACHENKO, et al.,<br>CELINA POTTER, et al.,<br>TONJA LAIBLE, et al.,<br>VICTOR TADURAN, et al.,<br>JESSE COOPER, et al.,<br>JASMINE PATERSON, et al.,<br>DAVID MEINERT, et al.,<br><br>      Defendants. | C17-0988 TSZ<br>C17-0990 TSZ<br>C17-0991 TSZ<br>C17-1074 TSZ<br>C17-1075 TSZ<br>C17-1076 TSZ<br>C17-1160 TSZ<br>C17-1163 TSZ<br>C17-1164 TSZ<br>C17-1211 TSZ<br>C17-1219 TSZ<br>C17-1403 TSZ<br><br><br>MINUTE ORDER |

  The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

  (1) Plaintiff's motions to effect service via mail, docket no. 37 in C17-1074, docket no. 28 in C17-1075, docket no. 31 in C17-1211, and docket no. 30 in C17-1403, are DENIED without prejudice.  Plaintiff shall cease all efforts to effect service in any of the pending cases until further order of the Court.

  (2) In every case now before the Court, plaintiff has filed a corporate disclosure form indicating that it is owned by Lost Dog Productions, LLC, which is owned by Voltage Productions, LLC.  *See*, *e.g.*, Pla.'s Corp. Disclosure (C17-988, docket no. 4). The Statement of Information ("SOI") filed on behalf of plaintiff with the California Secretary of State lists Lost Dog Productions, LLC as the manager or member of Venice

MINUTE ORDER - 1

PI, LLC.  *See* https://businesssearch.sos.ca.gov/.  The SOI shows the same address for both Venice PI, LLC and Lost Dog Productions, LLC, namely 116 N. Robertson Blvd., Suite 200, Los Angeles, CA 90048.  A search of the California Secretary of State's online database, however, reveals no registered entity with the name "Lost Dog" or "Lost Dog Productions."  Moreover, although "Voltage <u>Pictures</u>, LLC" is registered with the California Secretary of State, and has the same address as Venice PI, LLC, the parent company named in plaintiff's corporate disclosure form, "Voltage <u>Productions</u>, LLC," cannot be found in the California Secretary of State's online database and does not appear to exist.

(3)   In response to the Minute Order entered November 3, 2017 (*see*, *e.g.*, C17-988, docket no. 27), requiring plaintiff to provide an offer of proof, plaintiff has filed a declaration by Benjamin Perino, Chief Executive Officer of GuardaLey LTD, a German company.  In such declaration, Perino asserts that he created the surveillance software at issue, which is licensed by GuardaLey to MaverickEye UG, also a German company.  Perino Decl. at ¶¶ 5 & 11 (*see*, *e.g.*, C17-988, docket no. 29).  Perino has been proffered as an expert, but his qualifications consist of a technical high school education and work experience unrelated to the peer-to-peer file-sharing technology known as BitTorrent.  *Id.* at ¶¶ 6-10.  According to Perino, the infringement detection system at issue "cannot yield a false positive."  *Id.* at ¶ 37.  Perino does not have the qualifications necessary to be considered an expert in the field in question, and his opinion that the surveillance program is incapable of error is both contrary to common sense and inconsistent with plaintiff's counsel's conduct in other matters in this district.[1]  Plaintiff has not submitted an adequate offer of proof.

(4)   To support its previously granted motions for leave to issue subpoenas seeking the identities of subscribers associated with particular Internet protocol ("IP") addresses, plaintiff relied on substantively identical declarations of Daniel Arheidt, a

---

[1] In matters pursued by plaintiff's counsel, David Lowe of Lowe Graham Jones PLLC, on behalf of LHF Productions, Inc., CELL Film Holdings, LLC, Criminal Productions, Inc., and ME2 Productions Inc., the claims against defendants represented by J. Christopher Lynch of Lee & Hayes, PLLC, have been dismissed, in each instance within just days after Lowe received a letter from Lynch indicating that the defendant had been wrongly accused of infringement via the same detection system that is at issue in this litigation.  *See* https://fightcopyrighttrolls.com/ 2017/04/05/copyright-troll-david-lowe-dropped-eleventh-defendant-after-defense-attorney-threatened-to-expose-fraud/ (cited in Def. Dutczak's Resp. at 6, C17-990, docket no. 44); *see also* C16-1017 RSM (docket nos. 32 & 52); C16-1180 RSL (docket no. 26); C16-1272 RAJ (docket no. 35); C16-1273 RSM (docket no. 31); C16-1351 RAJ (docket no. 29); C16-1588 RSM (docket no. 35); C16-1647 RAJ (docket no. 27); C16-1648 RSM (docket no. 24); C17-99 RSL (docket no. 12); *cf. Clear Skies Nevada, LLC v. Hancock*, 2017 WL 3642034 at *2 (N.D. Ill. Aug. 23, 2017) ("Defendant compellingly suggests that Plaintiff moved for voluntary dismissal so as to avoid ever having its claim judged on the merits knowing it had a low likelihood of success.").

MINUTE ORDER - 2

consultant for MaverickEye.  <u>See</u>, <u>e.g.</u>, Arheidt Decl. (C17-988, docket no. 6).  Nowhere in Arheidt's declarations does he indicate that either he or MaverickEye is licensed in Washington to conduct private investigation work.  <u>See</u> RCW 18.165.150 (performing the functions of a private investigator without a license is a gross misdemeanor); <u>see also</u> RCW 18.165.010(12)(e) (defining a "private investigator agency" to include a person or entity that is in the business of "detecting, discovering, or revealing . . . [e]vidence to be used before a court").  Plaintiff's counsel has apparently been aware since October 2016, when he received a letter concerning <u>LHF Productions, Inc. v. Collins</u>, C16-1017 RSM, that Arheidt might be committing a crime by engaging in unlicensed surveillance of Washington citizens,[2] but he did not disclose this fact to the Court or offer any analysis for why such conduct is not prohibited by RCW 18.165.150.  Plaintiff's counsel's lack of candor was a serious breach of his ethical duties, particularly because he sought relief from the limitation on discovery set forth in Federal Rule of Civil Procedure 26(d)(1) on an ex parte basis.  <u>See</u> Wash. RPC 3.3.

(5) Plaintiff is DIRECTED to show cause within twenty-eight (28) days of the date of this Minute Order why its claims in each captioned action should not be dismissed with prejudice (and any funds it has received in settlement should not be disgorged) for one or more of the following reasons:  (a) failure to comply with Local Civil Rule 7.1(a); (b) failure to establish that plaintiff is properly formed as a limited liability company under California law; and/or (c) failure to state a cognizable claim.

(6) Pursuant to Federal Rule of Civil Procedure 12(d), and in light of the sworn response filed on December 19, 2017, docket no. 44 in C17-990, defendant Jonathan Dutczak's motion to dismiss, docket no. 22 in C17-990, will be treated as a motion for summary judgment, and is RENOTED to February 16, 2018.  On or before February 12, 2018, Dutczak shall submit a declaration under oath,[3] not to exceed two (2) pages in length, concerning whether he used BitTorrent technology to view, download, or share any portion of the motion picture "Once Upon a Time in Venice" on June 18, 2017, at 21:09:43 UTC (2:09:43 p.m. Seattle time) as alleged in the Amended Complaint

---

[2] The Court has recently become aware that Arheidt is the latest in a series of German declarants (Darren M. Griffin, Daniel Macek, Daniel Susac, Tobias Fieser, Michael Patzer) who might be aliases or even fictitious.  <u>See</u> Lynch Decls. (docket nos. 81 & 120), <u>Elf-Man, LLC v. Lamberson</u>, E.D. Wash. Case No. 2:13-cv-395-TOR; Clay Decl. (docket no. 65-1), <u>Clear Skies Nevada, LLC v. Anderson</u>, N.D. Ill. Case No. 1:15-cv-6708; <u>see also</u> Reply, <u>Leaverton v. Killer Joe Nevada, L.L.C.</u>, 8th Cir. Case No. 14-3274, 2015 WL 636262.  Plaintiff will not be permitted to rely on Arheidt's declarations or underlying data without explaining to the Court's satisfaction Arheidt's relationship to the above-listed declarants and producing proof beyond a reasonable doubt of Arheidt's existence.

[3] Such declaration shall contain the following attestation:  "I declare under penalty of perjury that the foregoing is true and correct.  Executed on [date].  [Signature]."  <u>See</u> 28 U.S.C. § 1746.

MINUTE ORDER - 3

(C17-990, docket no. 16).  If Dutczak was not at home at the time in question, he may, but is not required to, indicate his whereabouts and, if possible, provide supporting documentation.  Any supplemental response by plaintiff shall not exceed five (5) pages in length and shall be filed by the new noting date.

(7) The Clerk is DIRECTED to send a copy of this Minute Order to all counsel of record and to all pro se defendants.

Dated this 8th day of January, 2017.

                William M. McCool
                Clerk

                s/Karen Dews
                Deputy Clerk