Honorable Thomas S. Zilly

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

VENICE PI, LLC,

             Plaintiff,

    v.

SCOTT STEELE; and
MEGAN DEVILLERS,

             Defendants.

Civil Action No. 17-cv-1075TSZ

MOTION TO DISMISS

NOTE ON MOTION CALENDAR:
July 26, 2019

Plaintiff respectfully moves to dismiss the complaint without prejudice pursuant to Rule 42(a)(2).

**CASE POSTURE**

This case was brought with good faith by the copyright holder two years ago. Notwithstanding Plaintiff's diligent and repeated efforts to advance prosecution, it was precluded from doing so by various court orders. In "John Doe" copyright cases of the present type, the Court previously required a plaintiff to name a defendant once the account name for the IP address is known, stating that the plaintiff can seek leave to amend later if discovery shows it to be necessary. *E.g., Cobbler v. James*, Case No. 15-cv-1430TSZ (January 26, 2016, Dkt. 16); *see also Dallas Buyers Club v. Does*, Case No. 15-cv-134RAJ (and others) (Dkt. 48). Requests to conduct more particularized discovery before naming a defendant were been denied. Plaintiff proceeded in this fashion, with the understanding that the complaint satisfied all pleading requirements.

PLAINTIFF'S MOTION TO DISMISS - 1

INIP-6-0092P17 MOTDismiss

LOWE GRAHAM JONES ₚₗₗₒ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Nevertheless, after this action was filed, the Court issued an order precluding Plaintiff from conducting any discovery while also ordering Plaintiff to provide an offer of proof with respect to several assertions in the case. (Dkt. 31) Plaintiff responded to this order, and others, and sought leave to resume the proceedings (e.g., Dkts. 35, 40, 47, 51, 54). Since the time this action was filed, Plaintiff has not been allowed to conduct discovery beyond the service of a subpoena to secure the name of the ISP account holder.

More than a year after the present complaint was filed, the Ninth Circuit issued a decision which this Court describes as requiring the pleading in the complaint of "something more" to tie the account holder to the infringing conduct. *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018). Plaintiff has not been afforded any opportunity to conduct discovery into such matters, and believes that in cases of this type a plaintiff should be allowed to gather facts using Court-sanctioned discovery. In this case, however, given the passage of two years since the filing of the complaint, Plaintiff believes any meaningful opportunities to obtain such discovery are now lost. For that reason, and in an effort to conserve judicial and party resources, Plaintiff respectfully seeks to dismiss the complaint against the remaining Defendants without prejudice pursuant to Rule 42(a)(2).

**DISMISSAL WILL NOT PREJUDICE THE DEFENDANTS**

Consistent with Fed. R. Civ. Proc. 41(a)(2), an action may be dismissed without prejudice at any time. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). When ruling on a motion to dismiss without prejudice, district courts evaluate whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994). Plain legal prejudice requires more than the prospect of a second lawsuit or some tactical advantage to the plaintiff. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982); *see Lau v. Glendora Unified School Dist.*, 792 F.2d 929 (9th Cir. 1986) (no prejudice where plaintiff dismissed without prejudice to file similar action in

MOTION TO DISMISS - 2
INIP-6-0092P17 MOTDismiss

LOWE GRAHAM JONES ᴘʟʟᴄ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

state court after federal court refused to certify class action). Uncertainty because a dispute remains unresolved is not legal prejudice. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) Also, that defendants have incurred expense in litigating the present lawsuit does not amount to legal prejudice. *Hamilton*, 679 F.2d at 145. Defendant bears the burden of showing a "prejudice to some legal interest, some legal claim, some legal argument." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

Defendant Steele answered the complaint on October 30, 2017 and denied the allegations. (Dkt. 30) Defendant DeVillers answered the complaint on November 6, 2017 and denied the allegations. (Dkt. 32) Neither Defendant is believed to have participated further in the proceedings since that time. Defendants cannot show that a dismissal without prejudice would result in legal prejudice.

Mindful of the foregoing and in an effort to conserve judicial and party resources, pursuant to Rule 41(a)(2), Plaintiff respectfully seeks dismissal of its claims against the remaining Defendants without prejudice

RESPECTFULLY SUBMITTED June 19, 2019.

s/David A. Lowe, WSBA No. 24,453
 Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300

Attorneys for Plaintiff

LOWE GRAHAM JONES <sub>PLLC</sub>

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system, and to the following via U.S. Mail:

Scott Steele
810 105th Street S.
Tacoma, WA 98444

Megan Devillers
P.O. Box 664
South Prairie, WA 98385

s/ David A. Lowe

MOTION TO DISMISS - 4

INIP-6-0092P17 MOTDismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301